**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

LUKE MILLS                                                                                    PLAINTIFF
#119075

v.                                              4:23-cv-00701-KGB-JJV

HUFFMAN, Captain,
Faulkner County Jail; *et al.*                                                       DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United

States District Judge Kristine G. Baker.   Any party may serve and file written objections to this

Recommendation.   Objections should be specific and include the factual or legal basis for the

objection.   If the objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection.   Your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of this

Recommendation.   Failure to file timely objections may result in a waiver of the right to appeal

questions of fact.

I.      **DISCUSSION**

Luke Mills ("Plaintiff") is a pretrial detainee in the Faulkner County Detention Center

("FCDC") who has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983.   (Doc.

2.)   Plaintiff says the FCDC does not allow pretrial detainees to make collect telephone calls, and

he is only given two free envelopes with prepaid postage a week.   Because he is indigent, Plaintiff

claims he is unable to pay for telephone calls to his family.   And he can only write his family once

a week because he uses the second free envelope for "legal work."   (*Id*. at 4.)   After careful

consideration and for the following reasons, I recommend the Complaint be dismissed without

prejudice for failing to state a claim upon which relief may be granted.[1]

First, prisons and jails do not have a constitutional obligation to provide telephone services

to those in their custody. *Holloway v. Magness*, 666 F.3d 1076, 1079-81 (8th Cir. 2012); *Beaulieu*

*v. Ludeman*, 690 F.3d 1017, 1039-40 (8th Cir. 2012); *Benzel v. Grammer*, 869 F.2d 1105, 1108-

1109 (8th Cir. 1989).    And restricted access to a telephone does not violate the First Amendment

so long as prisoners have the ability to communicate with their family through other means such

as in writing or during visitation. *Id.*   Plaintiff does not say he is prohibited from receiving

incoming telephone calls from his family.   Similarly, there are no facts suggesting Plaintiff has

been denied visitation or that writing his family one letter a week is an unreasonable alternative

means for communicating with them.    Thus, Plaintiff has failed to plead a plausible First

Amendment violation.

Second, Plaintiff says he has been "discriminated" against because he is not able to call his

family while detainees with funds may do so.   (Doc. 2 at 4.)   I construe this allegation to be an

equal protection claim under the Fourteenth Amendment.   Because Plaintiff does not allege he is

a member of a protected class[2] or that he was denied a fundamental right,[3] he is raising what is

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

[2] Financial need alone is not a suspect classification. *Maher v. Roe*, 432 U.S. 464, 471 (1977); *see also Murray v. Dosal*, 150 F.3d 814, 818 (8th Cir. 1998) ("Neither prisoners nor indigents constitute a suspect class").

[3] Fundamental rights are those expressly mentioned in the Constitution or those rights implicitly protected by the Constitution such as the right to privacy, *Griswold v. Connecticut*, 381 U.S. 479 (1965), the right to vote, *Harper v. Virginia Board of Education*, 383 U.S. 663 (1966), the right to

often called a "class-of-one" equal protection claim.  *See Village of Willowbrook v. Olech*, 528

U.S. 562, 564 (2000).   To properly plead such a claim, there must be facts suggesting: (1) Plaintiff

was intentionally treated differently from similarly situated detainees; and (2) there was no rational

basis for the difference in treatment.   *See Id.*; *Nolan v. Thompson,* 521 F.3d 989, 989-90 (8th Cir.

2008).   Here, Plaintiff's claim falls short on the second element.   Specifically, in *Gilmore v. Cnty.*

*of Douglas, Neb.*, 406 F.3d 935, 939-940 (8th Cir. 2005), the Eighth Circuit held jails may charge

fees for providing telephone services, without running afoul of the equal protection clause, because

doing so is rationally related to the legitimate interest of recouping the costs associated with

providing telephone services, such as space, utilities, maintenance, security, and personnel time.

And importantly, in *Gilmore,* the Eighth Circuit clarified a rational basis to sustain the disparate

treatment could be presumed by the trial court without further factual or evidentiary development.

*Id*. at 937.   Thus, I find Plaintiff has not pled a plausible equal protection claim.

Third, because there is no vicarious liability in § 1983 actions, a prisoner "must plead that

each Government-official defendant, through the official's own individual actions, has violated

the Constitution."   *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   Plaintiff has not explained how

Defendants Huffman, Ryalls, or Walkins personally participated in either of the alleged

constitutional violations.   Thus, Plaintiff has not pled a plausible individual capacity claim against

any of the Defendants.

Finally, I previously brought these pleading deficiencies to Plaintiff's attention, gave him

thirty days to file an Amended Complaint correcting them, and cautioned him I would recommend

dismissal if he did not do so.   (Doc. 3.)   The time for Plaintiff to file an Amended Complaint has

---

travel interstate, *Shapiro v. Thompson*, 394 U.S. 618 (1969), and the right to marry, *Obergefell v. Hodges*, 576 U.S. 644 (2015).

passed.

## II.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.      In the future, dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 22nd day of September 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE